FILED
APR - 6 2010
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE R. OLSON, )
)
       Plaintiff, )
)
v. ) Civil Action No. 10 0556
)
UNITED STATES OF AMERICA, )
)
       Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus and application to proceed *in forma pauperis*.

Plaintiff is a federal prisoner who currently is serving a sentence of 324 months' imprisonment. Compl. at 2; see id., Attach. (Judgment in a Criminal Case, Case No. 90 CR 577-1). Generally, plaintiff alleges that the sentencing court lacked jurisdiction over the criminal case against him for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, see 21 U.S.C. § 801 et seq., *see generally* Compl., rendering his conviction, sentence, and subsequent incarceration invalid. It appears, then, that plaintiff is seeking to vacate or set aside his sentence.

A claim of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv.,106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding errors that occurred before or during sentencing). Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's

1

conviction can both be raised in a motion under Section 2255. See Taylor v. United States Board of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

The Court therefore will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ Hurlbert
United States District Judge

Date: 3/25/10